UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD VERDUGO, | ) Case No. CV 09-9483-AG (DTB) |
| Petitioner, | ) |
| | ) ORDER TO SHOW CAUSE |
| vs. | ) |
| DOMINGO URIBE, JR., WARDEN, | ) |
| | ) |
| Respondent. | ) |

On or about November 28, 2009,[1] petitioner lodged for filing a Petition for Writ of Habeas Corpus by a Person in State Custody ("Pet.") herein. The Petition purports to be challenging a 2004 judgment of conviction sustained in Los Angeles County Superior Court Case No. BA250223. (See Pet. at ¶ 2). Petitioner asserts three claims in the petition: Ineffective assistance of counsel, insufficiency of the evidence to support the conviction, and trial court error in the admission of expert gang evidence. (See Pet. at ¶ 7.a-c).

---

[1] November 28, 2009, is the signature date and thus the earliest date on which petitioner could have turned the Petition over to the prison authorities for mailing. See Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002) (holding that the prison mailbox rule applies to a habeas petitioner's state and federal filings); Huizar v. Carey, 273 F.3d 1220, 1223 (9th Cir. 2001) (same).

Since this action was filed after the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") on April 24, 1996, it is subject to the AEDPA's one-year limitation period, as set forth at 28 U.S.C. § 2244(d). See Calderon v. United States District Court for the Central District of California (Beeler), 128 F.3d 1283, 1287 n.3 (9th Cir. 1997).[2] 28 U.S.C. § 2244(d) provides:

> "(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

---

[2] Beeler was overruled on other grounds in Calderon v. United States District Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc).

1  Here, the Petition alleges that petitioner filed a Petition for Review with the California Supreme Court in Case Number "135504", which was denied on August 17, 2006. However, a review of the California Appellate Courts website reveals that petitioner's Petition for Review in Case No. S135504 was denied by the Supreme Court on August 17, 2005. Thus, "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review" was November 15, 2005, when the 90-day period for petitioner to petition the United States Supreme Court for a writ of certiorari expired. See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999); Beeler, 128 F.3d at 1286 n.2. Therefore, for purposes of 28 U.S.C. § 2244(d)(1)(A), petitioner's judgment of conviction "became final by conclusion of direct review or the expiration of the time for seeking such review" on November 15, 2005, and his one-year limitations period under the AEDPA expired on November 15, 2006, absent either a late-trigger date or a basis for tolling of the statute.

From the face of the Petition, it does not appear that petitioner has any basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(B). In addition, it is clear that petitioner has no basis for contending that he is entitled to a later trigger date under § 2244(b)(1)(D) since petitioner was aware of the **factual** predicate of each of his claims as of the date he was convicted and sentenced. See Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (statute of limitations begins to run when a prisoner "knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance").

Thus, unless a basis for tolling the statute existed, petitioner's last day to file his federal habeas petition was November 15, 2006. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001); Beeler, 128 F.3d at 1287-88.

28 U.S.C. § 2244(d)(2) provides:

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent

>      judgment or claim is pending shall not be counted toward any period of
>      limitation under this subsection."

In the Petition, petitioner indicates he filed three collateral challenges to his conviction in state court. The petition states that petitioner filed a habeas petition in the Los Angeles County Superior Court on May 21, 2008, filed another in the California Court of Appeal on July 23, 2008, and in the California Supreme Court on April 11, 2008. (See Pet. at ¶ 6).

In Nino v. Galaza, 183 F.3d 1003 (9th Cir. 1999), the Ninth Circuit construed the foregoing tolling provision with reference to California's post-conviction procedures. The Ninth Circuit held that "the statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge." See id. at 1006. Accord, Carey v. Saffold, 536 U.S. 214, 219-21, 122 S. Ct. 2134, 153 L. Ed. 2d 260 (2002) (holding that, for purposes of statutory tolling, a California petitioner's application for collateral review remains "pending" during the intervals between the time a lower state court denies the application and the time the petitioner files a further petition in a higher state court). However, the statute of limitations is not tolled during the interval between the date on which the judgment of conviction became final and the filing of the petitioner's first collateral challenge. See Nino, 183 F.3d at 1006.

Here, petitioner's first collateral challenge was not filed until on or about May 21, 2008. By then, the one-year limitation period already had lapsed and could not be reinitiated. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (holding that § 2244(d) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001); Wixom v. Washington, 264 F.3d 894, 898-99 (9th Cir. 2001); Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000).

The Ninth Circuit has held that the district court has the authority to raise the

statute of limitations issue *sua sponte* when untimeliness is obvious on the face of the petition and to summarily dismiss a petition on that ground pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, so long as the court "provides the petitioner with adequate notice and an opportunity to respond." See Nardi v. Stewart, 354 F.3d 1134, 1141 (9th Cir. 2004); Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

IT THEREFORE IS ORDERED that, on or before **March 31, 2010**, petitioner show cause in writing, if any he has, why the Court should not recommend that this action be dismissed with prejudice on the ground of untimeliness. If petitioner intends to rely on the equitable tolling doctrine, he will need to include with his response to the Order to Show Cause a declaration under penalty of perjury stating facts showing (1) that "extraordinary circumstances" beyond petitioner's control stood in his way and were the proximate cause of his untimeliness, and (2) that he has been pursuing his rights diligently.  See Pace v. DiGuglielmo, 544 U.S. 408, 125 S. Ct. 1807, 1814, 161 L. Ed. 2d 669 (2005); see also Roy v. Lampert, 465 F.3d 964, 969 (2006); Rasberry v. Garcia, 448 F.3d 1150, 1153 (9th Cir. 2006); Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) .

DATED: February 11, 2010

DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE